**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| **ALLSTATE INSURANCE COMPANY** <br> 2775 Sanders Road <br> Northbrook, Illinois 60062 | * <br> * | |
| *Plaintiff*, | * | |
| v. | * | **Civil Action No. 1:19-cv-2888** |
| **DAE'KWONE S. SPRIGGS** <br> 1361 Vida Drive <br> Baltimore, Maryland 21207 | * <br> * | |
| and | * | |
| **STANLEY ROCHKIND** <br> 5616 Park Heights Avenue <br> Baltimore, Maryland 21215 | * <br> * | |
| and | * | |
| **BGM REALTY #20 CORPORATION** <br> 5616 Park Heights Avenue <br> Baltimore, Maryland 21215 | * <br> * | |
|     <u>SERVE ON</u>: <br>     Charles Runkles <br>     Resident Agent <br>     5616 Park Heights Avenue <br>     Baltimore, Maryland 21215 | * <br> * <br> * | |
| and | * | |
| **DEAR MANAGEMENT AND** <br> **CONSTRUCTION COMPANY** <br> 5616 Park Heights Avenue <br> Baltimore, Maryland 21215 | * <br> * <br> * | |
|     <u>SERVE ON</u>: <br>     Charles Runkles <br>     Resident Agent <br>     5616 Park Heights Avenue | * | |

Baltimore, Maryland 21215

and

**CHARLES RUNKLES**
5616 Park Heights Avenue
Baltimore, Maryland 21215

*Defendants*.

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Allstate Insurance Company ("Allstate"), by and through undersigned counsel and pursuant to 28 U.S.C. § 2201, files this Complaint for Declaratory Judgment against Stanley Rochkind, and further adds Dae'Kwone S. Spriggs ("Tort Plaintiff"), BGM #20 Realty Corporation, Dear Management and Construction Company, and Charles Runkles, as parties of interest.

## Parties

1. Allstate is a Delaware corporation licensed to conduct business in Maryland, and has its principal place of business in Illinois. Allstate issued a Personal Umbrella Policy of insurance to Stanley Rochkind ("Mr. Rochkind").

2. Mr. Rochkind is a resident of Baltimore County, Maryland. Prior to the filing of this declaratory action, Mr. Rochkind was named as a defendant in *Dae'Kwone S. Spriggs v. BGM Realty #20 Corporation, et al.,* Case No. 24-C-18-5996 (the "Underlying Suit"), whereby the plaintiff in the Underlying Suit, Tort Plaintiff, alleges that he contracted poisoning from lead paint from a property owned and managed by Mr. Rochkind. The Underlying Suit currently is pending in the Circuit Court of Maryland for Baltimore City. By the instant declaratory action, Allstate seeks a declaration regarding its contractual obligations to Mr. Rochkind relating to the claims asserted by Tort Plaintiff in the Underlying Suit.

3. Tort Plaintiff is an individual who is a resident of Baltimore, Maryland. He is a party of interest to this declaratory judgment action given that he is the plaintiff in the Underlying Suit.

4. BGM Realty #20 Corporation is a forfeited Maryland corporation, with its principal place of business located at 5616 Park Heights Avenue, Baltimore, Maryland 21215. BGM Realty #12 Corporation is a party of interest in this declaratory action given it is a named defendant in the Underlying Suit.

5. Dear Management and Construction Company ("DEAR") is a forfeited Maryland corporation, with its principal place of business located at 5616 Park Heights Avenue, Baltimore, Maryland 21215. DEAR is a party of interest to this declaratory action given it is a named defendant in the Underlying Suit.

6. Charles Runkles is an individual who is a resident of Baltimore, Maryland. He is a party of interest to this declaratory action given that he is a named defendant in the Underlying Suit.

**Jurisdiction and Venue**

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1441(b). As required by 28 U.S.C. § 1332, there is complete diversity between the parties and damages exceed $75,000.00, as the Underlying Suit claims damages in excess of Seventy-Five Thousand Dollars ($75,000.00) and the Personal Umbrella Policy of insurance held by Mr. Rochkind provides defense and indemnity coverage up to Five Million Dollars ($5,000,000). Allstate is incorporated in Delaware, with its principal place of business in Illinois. Mr. Rochkind and Tort Plaintiff are residents of Maryland.

8. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1), as Mr. Rochkind resides in Maryland and has his principal place of business in Maryland. Venue also is appropriate pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claim occurred in Baltimore City, Maryland.

**Facts**

9. On or about, November 18, 2018, Tort Plaintiff filed the Underlying Suit, seeking damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) against Mr. Rochkind, and other defendants in the Circuit Court of Maryland for Baltimore City. The Underlying Suit alleges, and seeks to prove, that Tort Plaintiff contracted harmful, elevated blood lead levels due to exposure to lead paint at residential properties, including 1317 Saratoga Street, Baltimore, Maryland ("Subject Premises"). *See* Exhibit A (Complaint and Demand for Jury Trial).

10. The Underlying Suit alleges that Stanley Rochkind, BGM Realty #20 Corporation, DEAR, and Charles Runkles, "owned, controlled, and managed" the Subject Premises. *See* Ex. A at ¶ 2.

11. Upon information and belief, Tort Plaintiff "resided and/or visited as infant and child" the Subject Premises from approximately 1997 to 2000. *See* Ex. A at ¶ 1.

12. Allstate issued a Personal Umbrella Policy of insurance, No.: 028737150 ("Policy"), which provided excess personal liability coverage for Mr. Rochkind between June 13, 1988 until June 13, 2000. On June 13, 1999, an exclusion of coverage for claims alleging lead exposure went into effect. *See* Exhibit. B (Rochkind Personal Umbrella Policy).

4

13. Allstate contends it has no obligation to indemnify Mr. Rochkind for any damages arising from Tort Plaintiff's alleged exposure after June 13, 1999, when lead coverage under the Policy terminated.

14. As such, Allstate contends that Mr. Rochkind is responsible for a pro-rata portion of his indemnity arising from Tort Plaintiff's allegations in the Underlying Suit.

15. Allstate generally denies that coverage is available for Mr. Rochkind under the Policy for Tort Plaintiff's alleged injuries; however, in the event that coverage may be available under the Policy, the Policy does not provide coverage for damages that occurred on or after June 13, 1999.

## Count I – Declaratory Judgment

16. The allegations set forth in Paragraphs 1 through 15 are incorporated herein by reference.

17. An actual and immediate controversy exists between Allstate and Mr. Rochkind with respect to Allstate's duties and obligations under the Policy.

18. Allstate contends that Mr. Rochkind is responsible for all damages awarded to Tort Plaintiff that allegedly arose from exposure to lead occurring on or after June 13, 1999.

19. Pursuant to *Pennsylvania Nat'l Casualty Ins. Co. v. Roberts*, Allstate is entitled to an allocation of any potential liability under the Policy for damages arising from Tort Plaintiff's alleged exposure. 668 F.3d 106 (4th Cir. 2012).

20. Allstate's share of the pro-rata allocation of liability is limited to 63.5% of the total of any judgment for Tort Plaintiff, with Mr. Rochkind liable for the remaining 36.5% of the total of any judgment for Tort Plaintiff.

21. Allstate is entitled to a determination of its duties with respect to Mr. Rochkind under the terms of the Policy pursuant to 28 U.S.C. § 2201.

22. There is a bona fide, actual, present, and practical need for the declaration, which deals with a present, ascertained or ascertainable state of facts, or a present controversy as to a state of facts, and will terminate a controversy and remove an uncertainty.

WHEREFORE, Allstate respectfully requests that this Court enter an Order declaring that coverage is not available for Stanley Rochkind under the Policy for any damages caused by lead exposure to Tort Plaintiff occurring on or after June 13, 1999, that Stanley Rochkind is responsible for all damages caused by exposure which occurred on or after June 13, 1999, and that Allstate's share of the pro-rata allocation of liability is limited to 63.5% of the total of any judgment for Tort Plaintiff, with Mr. Rochkind liable for the remaining 36.5% of the total of any judgment for Tort Plaintiff, pursuant to *Pennsylvania Nat'l Casualty Ins. Co. v. Roberts,* 668 F.3d 106 (4th Cir. 2012).

Dated: October 1, 2019

Respectfully submitted,

*/s/Amanda C. Sprehn*
Paul J. Weber (Bar No. 03570)
Adam Smith (Bar No. 19241)
Sean P. Hatley (Bar No. 20139)
Amanda C. Sprehn (Bar No. 28071)
Hyatt & Weber, P.A.
200 Westgate Circle, Suite 500
Annapolis, Maryland  21401
Phone: (410) 266-0626
Fax: (410) 841-5065
Email: pweber@hwlaw.com
Email: adamsmith@hwlaw.com
Email: sphatley@hwlaw.com
Email: asprehn@hwlaw.com

*Counsel for Plaintiff*
*Allstate Insurance Company*